**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Dexter Bernard Brown, II, Appellant.

Appellate Case No. 2011-202947

Appeal From Barnwell County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2014-UP-303
Submitted July 1, 2014 – Filed July 30, 2014

**AFFIRMED**

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:** Dexter Bernard Brown, II, appeals his convictions for two counts of attempted murder and one count of possession of a weapon during the commission of a violent crime, arguing the trial court erred in (1) denying his

motion for directed verdict and (2) charging the jury on "inferred malice" from the use of a deadly weapon.   We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in denying counsel's motion for directed verdict:  S.C. Code Ann. § 16-1-60 (Supp. 2013) (showing attempted murder is listed as a "violent crime" per statute); S.C. Code Ann. § 16-23-490(A) (2003) ("If a person is in possession of a firearm . . . during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in [s]ection 16-1-60, he must be imprisoned five years . . . ."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [an appellate court] must find the case was properly submitted to the jury."); *State v. Dennis*, 402 S.C. 627, 638, 742 S.E.2d 21, 27 (Ct. App. 2013) (noting the jury may infer an intent to kill from the use of a dangerous or deadly weapon in a manner reasonably calculated to cause death or great bodily harm).

2.  As to whether the trial court erred in charging that malice may be inferred from the use of a deadly weapon:  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court.]  Issues not raised and ruled upon in the trial court will not be considered on appeal.").

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.